William **ALLEN**, Plaintiff-Appellant,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
Defendant-Appellee.

No. 85–5576.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 11, 1985.

Decided Jan. 16, 1986.

Eugene Gaerig, argued, Memphis, Tenn., for plaintiff-appellant.

W. Hickman Ewing, Jr., Memphis, Tenn., Holly Grimes, Chris Bradfield, argued, Atlanta, Ga., for defendant-appellee.

Before MILBURN and GUY, Circuit Judges; and WOODS, District Judge *.

* The Honorable George E. Woods, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

MILBURN, Circuit Judge.

In this action seeking Social Security disability benefits, plaintiff appeals the denial of his petition for attorney fees under the Equal Access to Justice Act ("the EAJA"), 28 U.S.C. § 2412(d). Because plaintiff did not timely file his petition for attorney fees under the EAJA, this action is dismissed for lack of jurisdiction.

I.

Plaintiff filed the underlying action on May 30, 1980. On February 5, 1981, the district court affirmed the Secretary's decision that plaintiff was not disabled and, therefore, not entitled to disability insurance benefits or supplemental security income. On July 15, 1981, we reversed the district court's decision upon a finding that the Secretary's decision was not supported by substantial evidence, and remanded the case to the district court with directions to remand to the Secretary for an award of benefits. On August 6, 1981, the mandate was entered. The district court remanded the case to the Secretary for an award of benefits on September 29, 1981.

On May 3, 1982, after the Secretary filed a notice of benefits awarded, the district court found that the determination of the benefits due plaintiff was final and awarded plaintiff's attorneys $5,844.79, or 25% of the past-due benefits, in attorney fees pursuant to the Social Security Act, 42 U.S.C. § 406(b)(1). On December 14, 1983, petitioner moved for entry of a "final order" adjudicating him to be the prevailing party and entry of a "final Judgment ... in accordance with the Federal Rules of Civil Procedure." On April 5, 1984, the district court entered a "Judgment In A Civil Case" remanding the action to the Secretary "in accordance with the Court's order entered September 29, 1981, for an award of benefits as stated in the August 6, 1981, order of the Sixth Circuit Court of Appeals."

Plaintiff subsequently filed a petition for attorney fees under the EAJA on April 30, 1984. In denying plaintiff's petition, the district court noted that this court stated in the prior appeal "that there was evidence that by the time of the hearing before the administrative law judge the plaintiff's condition had improved to the point that he could perform at least some of his previous work." The district court held that, therefore, while the Secretary's decision was not supported by substantial evidence, this court acknowledged that the Secretary had made a credible, factual showing in support of her position. On this basis, the district court held that the Secretary's position was reasonable and, as a result, substantially justified.

## II.

■ We must first address the Secretary's argument that the district court lacked subject matter jurisdiction to hear plaintiff's petition for attorney fees under the EAJA because the petition was not filed within the required thirty days of final judgment. *See* 28 U.S.C. § 2412(d)(1)(B). Despite the Secretary's failure to raise this issue through a cross-appeal, we must resolve the question because we hold that compliance with the thirty (30) day filing requirement is jurisdictional. We agree with the following language of the District of Columbia Circuit Court:

The thirty day time limitation contained in EAJA is not simply a statute of limitations. It is a jurisdictional prerequisite to governmental liability. ASH's failure to file in timely fashion deprives this court of subject matter jurisdiction to award fees.

The Equal Access to Justice Act significantly abridged the government's immunity from suits for attorneys' fees. As a waiver of sovereign immunity, the Act must be strictly construed. Once the government agrees to allow such suits, "the terms of its consent to be sued in

any court define that court's jurisdiction to entertain that suit." Courts have consistently held that a statutory time limitation is an integral condition of the sovereign's consent. Compliance with that condition is a prerequisite to jurisdiction.

*Action on Smoking and Health v. C.A.B.*, 724 F.2d 211, 225 (D.C.Cir.1984) (footnotes omitted).

Because this is an issue involving subject matter jurisdiction, this court must satisfy itself of its own jurisdiction and that of the district court in the case under review without regard to whether the issue was preserved. *See Mitchell v. Maurer*, 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338 (1934); Fed.R.Civ.P. 12(h)(3).

For the purpose of determining the timeliness of an EAJA petition, "the term 'final judgment' means final and not appealable." *Feldpausch v. Heckler*, 763 F.2d 229, 232 (6th Cir.1985). In *Feldpausch*, 763 F.2d at 232, this court quoted with approval the following language from *Taylor v. United States*, 749 F.2d 171 (3d Cir.1984):

The EAJA allows a prevailing party to file a fee petition within 30 days of the final disposition of a case *on the merits* i.e. when a party's right to appeal the order has lapsed. (emphasis supplied)

*Id.* at 174 (quoting Report of the Senate Judiciary Committee accompanying S. 919, S.Rep. No. 586, 98th Cong., 2d Sess. 16 (1984)).

In our view, the thirty (30) day filing period began to run upon the entry of this court's opinion on July 15, 1981. At that point, the judgment was final and not appealable.[1] This court's decision ended "the litigation on the merits and [left] nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). This distinguishes the instant case from *Guthrie v. Schweiker*, 718 F.2d 104 (4th Cir.1983), wherein the district court remanded the case to the Secretary for the purpose of taking additional evidence. Pe-

---

1. We need not consider the effect, if any, of the filing of a petition for a writ of certiorari to the United States Supreme Court as no such petition was filed in the instant case.

titioner's reliance on the April 5, 1984, "Judgment In A Civil Case" is misplaced as that order added nothing to this court's final determination on the merits of petitioner's claim on July 15, 1981.

■ Accordingly, as the *merits* of this case were finally decided upon the filing of this court's decision, plaintiff's petition for attorney fees under the EAJA, filed over two and a half years later, was not timely, and, therefore, neither this court nor the district court has subject matter jurisdiction over petitioner's claim for attorney fees under the EAJA.

### III.

Accordingly, this appeal is DISMISSED for lack of jurisdiction.