Onnik PAPAZIAN, Plaintiff–Appellant,

v.

Otis BOWEN, Secretary of Health and Human Services, Defendant–Appellee.

No. 88–5505.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 4, 1988.

Decided Sept. 20, 1988.

John Ohanian, Los Angeles, Cal., for plaintiff-appellant.

Michael R. Power, Asst. Regional Counsel, Dept. of Health and Human Services, San Francisco, Cal., for defendant-appellee.

Before FLETCHER, CANBY and O'SCANNLAIN, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

Onnik Papazian appeals the district court's order denying for lack of subject matter jurisdiction his motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (West Supp. 1987). We agree with Papazian that his application was timely filed. We reverse and remand.

FACTS AND PRIOR PROCEEDINGS

On November 29, 1984, Papazian applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–433 (1982). An administrative law judge ("ALJ") found that Papazian was not disabled and not entitled to disability benefits. The Appeals Council denied review of the ALJ's decision and on April 7, 1986, Papazian filed a complaint in the district court seeking judicial review of the Secretary's denial of benefits. During the pendency of that action the parties agreed that Papazian was disabled. Accordingly, the district court on December 5, 1986, entered a "Stipulation for Remand of Action; and Order Thereon" prepared by the Office of the United States Attorney signed by the parties, the magistrate, and the district judge. On remand, the Appeals Council found Papazian disabled from July 27, 1984, and awarded him benefits on December 22, 1986. The Appeals Council's decision was adopted by the district court, which entered a "final judgment," also prepared by the Office of the United States Attorney, on March 10, 1987. On March 26, 1987, Papazian filed his motion for attorney fees. The district court denied this

motion based on the magistrate's finding that it was untimely and therefore the district court lacked subject matter jurisdiction.

## DISCUSSION

 Section 2412(d)(1)(B) of the EAJA requires that a party seeking attorney fees apply within thirty days of final judgment in the action in which that party prevails. Section 2412(d)(2)(G) defines final judgment as "a judgment that is final and not appealable, and includes an order of settlement."

At issue here is whether the stipulation and order of December 5, 1986, was an "order of settlement" within the statute's definition of "final judgment." The magistrate concluded that "[i]t is clear that the stipulated remand was an 'order of settlement' under 28 U.S.C. § 2412(d)(2)(G) since it granted the plaintiff all the relief that he had requested and nothing remained to be done but to implement the order." If the magistrate is correct, then we agree that the remand order would be a final order triggering the thirty day filing period. *See Allen v. Secretary of Health and Human Services,* 781 F.2d 92, 94 (6th Cir.1986) (EAJA's thirty day period commenced on appellate court's remand since that decision ended the litigation on the merits and left nothing for the district court to do except execute the judgment).

Our review of the district court's order of December 5, 1986 convinces us, however, that neither the parties nor the court intended the litigation to be ended by the remand order. The order refers to "further administrative proceedings." Presumedly, any dispute over the agency's determination on remand would have been presented to the district court and possibly to us on appeal. Thus, a request for fees before a final judgment would be premature. *See Skip Kirchdorfer, Inc. v. United States,* 803 F.2d 711, 712 (Fed.Cir.1986) (remand does not trigger EAJA's filing time when tribunal on remand must still determine a significant part of the case).

Our conclusion is further buttressed by the fact the government submitted a proposed final judgment to the district court

for its consideration. The court purported to adopt the decision of the Appeals Council after remand and entered judgment. Apparently, neither the government nor the court considered the prior remand order to be a final judgment within the meaning of 28 U.S.C. § 2412(d)(2)(G).

 Finally, we note in resolving this issue that when Congress re-enacted the EAJA in 1985, it sought to clarify its intent by defining final judgment in a manner that would avoid the "overly technical" approach previously taken by some courts. *See* H.R.Rep. No. 120, 99th Cong., 1st Sess. 18 n. 26, *reprinted in* 1985 U.S. Code Cong. & Admin. News 132, 146 n. 26 ("This section should not be used as a trap for the unwary resulting in the unwarranted denial of fees"). Since the re-enactment we have allowed the EAJA filing period to be marked by an amended judgment, *Barry v. Brown,* 825 F.2d 1324, 1329 (9th Cir.1987), construed the statute to allow for the filing of fees thirty days after the expiration of the time for appeal, *McQuiston v. Marsh,* 790 F.2d 798, 800 (9th Cir.1986), and allowed the filing of an application for fees before judgment was entered, *Auke Bay Concerned Citizen's Advisory Council v. Marsh,* 779 F.2d 1391, 1393 (9th Cir.1986). Our decision today is inspired by the spirit of those decisions and congressional intent.

REVERSED and REMANDED.