Ronald J. **ESCHELBACHER**, Plaintiff,

v.

Louis W. **SULLIVAN**, M.D., Secretary of Health and Human Services, Defendant.

No. C83–3732.

United States District Court, N.D. Ohio, E.D.

Oct. 4, 1990.

---

Thomas M. Stroh, Lakewood, Ohio, for plaintiff.

Maureen Murphy, Asst. U.S. Atty., Cleveland, Ohio, for defendant.

## MEMORANDUM AND ORDER DENYING PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES

KRENZLER, District Judge.

The above-captioned case was an appeal of the Secretary's decision terminating the plaintiff's disability benefits. On appeal, this Court determined that the Secretary used an improper standard in terminating plaintiff's benefits, and remanded the matter to the Secretary for a further evidentiary hearing on the issue. This Court ordered the Secretary to use the proper standard when reevaluating the issue. Upon remand, the plaintiff's benefits were restored. Plaintiff now seeks attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

The plaintiff's petition for attorney's fees was referred by this Court to a magistrate for a report and recommended decision. The Magistrate issued his Report, which recommended granting the petition for attorney's fees, and the defendant filed objections thereto. For the reasons discussed below, this Court departs from the Report and Recommended Decision of the Magistrate, and hereby denies the plaintiff's petition for fees.

FACTS

The plaintiff was awarded disability benefits by the Secretary in 1974, but his disability was regarded as one which might improve over time. In 1982, his disability was reviewed to see if he was still entitled to benefits. The Secretary, using a standard which treated the plaintiff as if he was an initial applicant for benefits, terminated the plaintiff's benefits. The plaintiff took an unsuccessful administrative appeal from this decision, and finally exhausted his administrative remedies before filing a complaint in this Court in 1983.

In August 1984, this Court found that an improper standard had been used by the Secretary in reviewing the plaintiff's disability, and remanded the case to the Secretary for a further hearing and review using the proper standard, namely, the medical improvement standard. Within a month after this Court's order of remand, but prior to any new decision by the Secretary, the plaintiff filed a motion for attorney fees under EAJA. This motion was overruled because it was prematurely filed.

In October 1984, the Social Security Disability Benefits Reform Act of 1984 (DBRA) was enacted. The DBRA codified the medical improvement standard and ordered that pending benefit termination cases be remanded for review under the new standard. Pursuant to the DBRA and this Court's order of remand, the Secretary reconsidered the plaintiff's case using the medical improvement standard. On December 24, 1986, the plaintiff was notified by letter that his disability benefits had been wrongfully terminated and were going to be reinstated, including payment of all past due benefits.

Approximately two years later, in December 1988, the plaintiff filed a motion with this Court for reconsideration of his previous motion for attorney's fees.

The Secretary believes that EAJA fees may not properly be awarded in this case for several reasons. The Secretary claims that (1) the plaintiff's motion of December 1988 was not timely filed; (2) the plaintiff was not a prevailing party as required by EAJA; and (3) the position of the Secretary in originally denying benefits was substantially justified.

LAW

■ With respect to the timeliness of motions for fees, EAJA requires that "a party seeking an award of fees ... shall, within thirty days of final judgment in the action, submit to the court an application for fees...." 28 U.S.C. § 2412(d)(1)(B). The issue in dispute is whether the December 24, 1986, notice from the Secretary to the plaintiff of the reinstatement of the plaintiff's benefits constitutes the final judgment in this case for EAJA purposes, or whether a final order of this Court is required. The resolution of this issue is significant, because the time requirement of EAJA is not merely a statute of limitations. Rather, it is a jurisdictional prerequisite to governmental liability. Thus, once the time period has expired, a court no longer has jurisdiction to entertain a subsequently filed motion for fees under EAJA. *Allen v. Secretary, HHS*, 781 F.2d 92, 94 (6th Cir.1986). *Action on Smoking and Health v. C.A.B.*, 724 F.2d 211 (D.C.Cir. 1984).

The Secretary adopts the position that its decision to reinstate benefits, notice of which was sent to the plaintiff on December 24, 1986, was the final judgment in this case, and that the plaintiff's motion to reconsider attorney fees filed in December 1988 was clearly not within the thirty day period set forth in EAJA. The plaintiff's position is unclear. Although no final order of this Court was issued, the plaintiff chose to wait until December 1988 to renew its motion for attorney's fees. In this renewed motion, the plaintiff makes no reference to the issue of "final judgment" and

appears not even to be aware of the controversy surrounding this issue.

The Magistrate, in his Report and Recommended Decision, adopts the position that a final order of the court is necessary for a final judgment under EAJA. Since such an order was never issued by this Court, the Magistrate believes that the plaintiff's renewed motion for attorney's fees cannot be barred for being filed beyond the thirty day limit. The Magistrate recommended that this Court issue a final judgment for the plaintiff and thereafter grant the plaintiff's motion for fees.

There is authority supporting the positions of both the Secretary and the Magistrate. In *Guthrie v. Schweiker*, 718 F.2d 104 (4th Cir.1983), the Fourth Circuit held that neither the final decision of the Appeals Council nor the district court's order of remand to the Secretary for an additional hearing constituted a "final judgment" for EAJA purposes. The rationale behind the court's decision was threefold. First, there was nothing in the language or legislative history of EAJA to suggest that "final judgment" meant anything other than the judgment of a court, as defined in Fed.R.Civ.P. 54. Since, according to Rule 54, a judgment includes "a decree and any order from which an appeal lies," and an order of remand is not an appealable order, it cannot constitute a final judgment. *Id.* at 106. Second, EAJA itself makes a distinction between final administrative actions and final judical actions. *Id.* Finally, 42 U.S.C. § 405(g), which sets forth the procedure for judicial review of the Secretary's decisions,

contemplates additional action both by the Secretary and a district court before a civil action is concluded following a remand. The Secretary must file any "additional and modified findings of fact and decision, and a transcript of the additional record and testimony...." The district court then may enter a judgment affirming, modifying, or reversing the Secretary's decision. Here, the Secretary did not file anything and the district court did not enter any order, after completion of the proceedings on remand.

Guthrie's application could not have been filed more than 30 days after final judgment in the action, because no final judgment was entered.

*Id.*

In 1985, after the *Guthrie* decision, EAJA was reenacted and amended to include a definition of "final judgment" as "a judgment that is final and not appealable, and includes an order of settlement." 28 U.S.C. § 2412(d)(2)(G) (1989). In doing so, Congress "sought to clarify its intent by defining final judgment in a manner that would avoid the 'overly technical' approach previously taken by some courts." *Papazian v. Bowen*, 856 F.2d 1455 (9th Cir.1988). However, rather than clarifying the issue, this amendment merely sparked further controversy.

Some cases continued to follow *Guthrie*, stating that "[t]he legislative history of the 1985 amendments to the EAJA explicitly follows the Fourth Circuit's holding in *Guthrie*." *Gutierrez v. Sullivan*, 734 F.Supp. 969, 971 (D.Utah 1990). Other cases have held that *Guthrie* was legislatively overruled by the 1985 amendments and should not be followed. *Melkonyan v. Heckler*, 895 F.2d 556 (9th Cir.1990).

In *Melkonyan*, the court was confronted with a dilemma very similar to that in the instant case. The court remarked,

> In *Papazian*, after the Appeals Council awarded the claimant benefits, the district court adopted the decision and entered it as its own judgment.... Here, however, the district court entered no such judgment. We are faced with a problem not confronted by us in *Papazian:* If the remand order lacks finality, and there is no subsequent district court order, what event triggers the 30–day time limit prescribed by 28 U.S.C. § 2412(d)(1)(B)?"

*Id.* at 558. The court held that a decision of the Appeals Council awarding benefits after remand from the district court was

the final judgment which started the running of the thirty day period, because it was final and not appealable. When the Secretary's decision upon remand is wholly favorable to the plaintiff, the plaintiff would have no reason to appeal it. And since § 405(g) entitles only an individual to appeal the Secretary's decision (citation omitted), "the Secretary would not have standing or reason to complain of his own final decision." *Id.* Finally, the court criticized the reasoning of the Fourth Circuit in *Guthrie*.

> *Guthrie*'s approach is troublesome. While section 405(g) requires the Secretary to file the new decision and findings after remand, it does not confer upon the district court any independent power to review the post-remand filing. The agency's decision may be reviewed by the district court only if a claimant appeals within the 60–day time limit.... If the Secretary's decision is wholly in favor of the claimant, we are hard pressed to see a need for the overburdened district courts to deploy scarce judicial resources in a sua sponte "affirmation" of uncontested eligibility decisions.

*Id.* at 559.

The Sixth Circuit decided several cases with similar facts during the period when Congress was seeking to reenact and amend EAJA, but at a stage when the amendments appeared to be in jeopardy.[1] Nevertheless, the Sixth Circuit adopted the new definition of "final judgment." *Feldpausch v. Heckler*, 763 F.2d 229, 232 (6th Cir.1985); *Allen v. Secretary, HHS*, 781 F.2d 92, 94 (6th Cir.1985). Both of these cases cite with approval the following language: "The EAJA allows a prevailing party to file a fee petition within 30 days of the final disposition of a case on the merits i.e. when a party's right to appeal the order has lapsed." *Taylor v. United States*, 749 F.2d 171, 174 (3rd Cir.1984) (quoting Report of the Senate Judiciary Committee accompanying S. 919, S.Rep. No. 586, 98th Cong.,

---

1. The original EAJA was due to expire in 1984. Congress passed several bills to reenact EAJA, and at the same time to make some amendments. At the time the Sixth Circuit cases were decided, the amendments had been passed by

Congress but vetoed by the President. However, since the statute is still in force and the amendments in question are now a part of the statute, presumably the President's veto was overridden.

2d Sess. 16 (1984)). In *Allen,* the appellate court held that its decision reversing the district court and remanding the case with directions to remand it to the Secretary for an award of benefits ended the litigation on the merits and was therefore a final judgment. The district court's subsequent judgment entry added nothing to the Sixth Circuit's determination on the merits and should have been ignored for purposes of EAJA. *Allen,* 781 F.2d at 94–95. The court, in *Allen,* also distinguished its case from *Guthrie* on the basis that the district court in *Guthrie* remanded to the Secretary and ordered the Secretary to conduct additional proceedings. In *Allen,* the court of appeals remanded to the district court with orders to remand it to the Secretary for an award of benefits. In the first case, the outcome was still unknown at the time of remand, pending rehearing by the Secretary; whereas, in the second case, the outcome was determined by the appellate court, and the remand to the Secretary was merely a procedural formality.

■ In the present case, the facts are more similar to those in *Guthrie* than to those in *Allen* or *Melkonyan.* This Court remanded to the Secretary and ordered the Secretary to conduct a further evidentiary hearing and a review using the new standard. The final outcome was not determined by this order of remand, but rather by the decision of the Secretary after the additional hearing and review. Because an order of remand does not generally provide for automatic return of the case to the court for affirming or adopting the decision of the Secretary, there is no formal mechanism for notifying the court of the Secretary's decision. Because a litigant could wait indefinitely for a court to enter a final judgment under these circumstances, it is somewhat impractical to require a final court judgment before allowing a plaintiff to file for EAJA fees. Yet, judging from the plaintiff's attorney in the present case, litigants seem to expect a final judgment from the court. Thus the question posed by the Ninth Circuit in *Melkonyan* is a valid one: what event triggers the thirty-day time limit?

The court, in *Melkonyan,* resolved the question by applying the rule that whatever decision ended the case on the merits was the final judgment. This Court, however, is not bound by the decision in *Melkonyan* and is free to resolve the question in a different way. Any solution fashioned by this Court will seek to create a balance between justice for the individual plaintiff and the just and efficient operation of the judicial system as a whole.

Under 42 U.S.C. § 405(g), a claimant has sixty days in which to take an appeal of the Secretary's decision. Since this Court has some difficulty calling an administrative decision a "judgment," it would prefer to establish some procedure which will trigger a court judgment after a favorable decision of the Secretary on remand. Since § 405(g) provides sixty days for bringing an appeal of an unfavorable decision of the Secretary, by analogy it could be read to provide the same amount of time in which to petition the court to enter judgment on a favorable decision of the Secretary. Thus, upon receiving notice of the Secretary's decision to award or reinstate benefits, the plaintiff has sixty days within which to petition the district court to enter judgment in his favor. Once the district court has entered judgment for the plaintiff, the plaintiff has thirty days in which to file a motion for attorney's fees under EAJA. If the plaintiff fails to follow this two-step procedure within the time limits, he waives his right to EAJA fees. In the instant case, the plaintiff never petitioned this Court to enter judgment in his favor and, moreover, his renewed motion for EAJA fees was filed two years after the Secretary's final decision. This cannot be considered timely under any formulation.

Because the Court finds the plaintiff's renewed motion for attorney's fees under EAJA to be untimely, it does not address the issues of whether the plaintiff was a prevailing party or whether the government's position was substantially justified. Accordingly, this Court hereby overrules the plaintiff's motion to reconsider its earlier motion for attorney's fees under EAJA

on the basis that the motion was untimely filed.