**Charles F. KLING, Plaintiff,**

v.

**SECRETARY OF DEPARTMENT OF HEALTH & HUMAN SERVICES OF the UNITED STATES, Defendant.**

**No. C87–2649.**

United States District Court, N.D.Ohio, E.D.

April 20, 1992.

Kirk B. Roose, Oberlin, Ohio, for plaintiff.

Michael Ann Johnson, Asst. U.S. Atty., Cleveland, Ohio, for defendant.

## MEMORANDUM OF OPINION AND ORDER AFFIRMING SECRETARY'S DECISION AND AWARDING ATTORNEY'S FEES

KRENZLER, Senior District Judge.

This case is before this Court on plaintiff's application for attorney's fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

### PROCEDURAL BACKGROUND

Plaintiff originally applied for disability insurance benefits and supplemental security income claiming that he had become disabled on July 15, 1982. The Secretary found that plaintiff suffered from chronic obstructive pulmonary disease, degenera-

tive disc disease, and a psychiatric disorder. However, the Secretary found that the plaintiff could perform his past relevant work as a security guard. Alternatively, the Secretary applied the medical-vocational guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 203.11, and found that plaintiff could perform a full range of medium work, although he had a number of non-exertional limitations.

Plaintiff filed a complaint in this Court *in forma pauperis* for judicial review of the Secretary's decision. This Court found that there was insufficient evidence to determine whether the plaintiff could perform his past relevant work as a security guard. The Court also found that there was insufficient evidence to determine whether the Secretary's medical-vocational guidelines could be applied in light of plaintiff's non-exertional limitations. Therefore, the Court remanded the case to the Secretary to obtain additional evidence on these issues.

On remand, the Secretary determined that plaintiff had become disabled beginning on September 26, 1984. Plaintiff filed his petition for attorney's fees and expenses under the EAJA within one month after the Secretary's decision on remand.

## TIMELINESS OF PLAINTIFF'S APPLICATION FOR FEES

The Secretary contends that plaintiff's application for an award of fees is not timely. A party seeking an award of fees under the EAJA must submit his or her application for fees "within thirty days of the *final judgment* in the action." 28 U.S.C. § 2412(d)(1)(B) (emphasis added).[1] The question whether plaintiff's application is timely must be addressed first, because the time limitation for filing an application

for EAJA fees is a *jurisdictional* prerequisite to government liability. *Allen v. Secretary*, 781 F.2d 92, 94 (6th Cir.1986).

■ The United States Supreme Court has held that the "final judgment" which triggers the thirty-day filing period for an application for EAJA fees is "a judgment rendered by a *court* that terminates the civil action for which EAJA fees may be received"; the term "final judgment" "does not encompass decisions rendered by an administrative agency." *Melkonyan v. Sullivan*, 501 U.S. ——, ——, 111 S.Ct. 2157, 2162, 115 L.Ed.2d 78, 91 (1991) (emphasis added). Therefore, the timeliness of plaintiff's application for fees is not measured from the date of the Secretary's decision on remand, but must be measured from the date of a court judgment.[2]

The Secretary argues that § 2412(d)(1)(B) required plaintiff to file his application for fees when the Court entered its order remanding the case to the Secretary. Since plaintiff filed his application more than two years after the order of remand, the Secretary claims that the application is not timely. Plaintiff asserts that his application for fees is timely because the Court did not enter final judgment when it remanded the case to the Secretary, and should enter its final judgment now. Both parties contend that the Supreme Court decision in *Melkonyan* supports their position.

In *Melkonyan*, the plaintiff filed a complaint with the district court for judicial review of the Secretary's decision to deny the plaintiff's application for supplemental security income benefits. Thereafter, the Secretary moved the court to remand the case so that the plaintiff's application could be reconsidered in light of new evidence;

---

1. 28 U.S.C. § 2412(d)(2)(G) defines a "final judgment" as "a judgment that is final and not appealable...." Under this definition, the thirty day period begins to run after the time for appeal of the judgment has expired. *Melkonyan v. Sullivan*, 501 U.S. ——, ——, 111 S.Ct. 2157, 2163, 115 L.Ed.2d 78, 91 (1991).

2. In *Eschelbacher v. Sullivan*, 746 F.Supp. 691 (N.D.Ohio 1990), this Court also held that a court judgment was required to trigger the thir-

ty-day filing period for an application for an award of fees under the EAJA. This Court subsequently amended its opinion in *Eschelbacher* to take account of the Sixth Circuit's decision in *Gordon v. Secretary*, 916 F.2d 712 (6th Cir.1990), which held that the Secretary's decision to award benefits on remand was a "final judgment" under the EAJA. In *Malkonyan*, the Supreme Court rejected the Sixth Circuit's view, and adopted the position taken by this Court's original opinion in *Eschelbacher*.

plaintiff joined this motion for remand. The district court granted the motion and remanded the case to the Secretary. On remand, the Secretary found that the plaintiff was disabled and granted him all of the relief that he had originally requested. Over a year later, the plaintiff applied to the district court for an award of attorney's fees under the EAJA.

The question presented to the Supreme Court in *Melkonyan* was whether the plaintiff's application for fees was timely. As noted above, the Court first held that the "final judgment" from which the 30–day filing period for EAJA fees is measured must be the judgment of a *court*. The Court then went on to address the question whether a final court judgment had been entered in the case. In this connection, the Court closely examined the types of remands available under 42 U.S.C. § 405(g) to determine whether the district court's remand order constituted the final judgment for EAJA purposes. The Court held that § 405(g) provides for two, and only two, types of remands, remands pursuant to sentence four and remands pursuant to sentence six. Because this case also involves an order of remand under § 405(g), this Court will discuss each of these types of remands below.

1. *Sentence Four Remands.*

■ Under sentence four of § 405(g), a district court has the power to enter "a *judgment* affirming, modifying, or reversing the decision of the Secretary, *with or without remanding* the cause for a rehearing." 42 U.S.C. § 405(g) (emphasis added). The Supreme Court in *Melkonyan* held that, under this sentence, a "final judgment" is entered at the time of remand, so that "the filing period [for EAJA fees] begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable." *Melkonyan*, 501 U.S. at ——, 111 S.Ct. at 2165, 115 L.Ed.2d at 94; *cf. Sullivan v. Finkelstein*, 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990) (order remanding Social Security case was an appealable final decision). Thus, if a case is reversed and remanded to the Secretary for further proceedings, the thirty-day time period to apply for EAJA fees begins to run when the remand order is entered and the time for appeal of that order has run.

However, to hold that the remand order is the *only* possible final judgment in such a case would be inconsistent with the Supreme Court's decision in *Sullivan v. Hudson*, 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), which held that a district court has discretion to award EAJA fees for services performed during proceedings on remand before the Social Security Administration. *Id.*, at 890, 109 S.Ct. at 2256. A plaintiff could not obtain attorney's fees for representation in a proceeding on remand if the only time he could apply for such fees was immediately after the remand order was entered. Furthermore, a plaintiff will not usually be entitled to fees immediately after an order of remand, because the plaintiff "will not normally attain 'prevailing party' status ... until after the result of the administrative proceedings is known." *Hudson*, 490 U.S. at 886, 109 S.Ct. at 2255.

■ In *Eschelbacher v. Sullivan*, 746 F.Supp. 691 (N.D.Ohio 1990), this Court established a procedure which would resolve the apparent inconsistency between *Melkonyan* and *Hudson* by providing a method for triggering a court judgment after a favorable decision by the Secretary on remand. This court judgment would start the thirty-day filing period for the EAJA fees permitted by *Hudson*, even though the remand order itself was a final order under *Melkonyan*:

> Since § 405(g) provides sixty days for bringing an appeal of an unfavorable decision of the Secretary, by analogy it could be read to provide the same amount of time in which to petition the court to enter judgment on a favorable decision of the Secretary. Thus, upon receiving notice of the Secretary's decision to award or reinstate benefits, the plaintiff has sixty days within which to petition the district court to enter judgment in his favor. Once the district

court has entered judgment for the plaintiff, the plaintiff has thirty days in which to file a motion for attorney's fees under EAJA. If the plaintiff fails to follow this two-step procedure within the time limits, he waives his right to EAJA fees. *Id.* at 695.

### 2. *Sentence Six Remands.*

■ Under sentence six of § 405(g), the court may either (1) remand the case on the motion of the Secretary "for good cause shown" before the Secretary files an answer, or (2) remand the case at any time in order to take material new evidence, if there is good cause for the failure to incorporate the evidence into the record in the prior proceeding. In either case, the Secretary is required to file the record of the supplemental proceedings for the Court's review.

Because sentence six contemplates that the case will be returned to the court after the Secretary's proceedings on remand, the Supreme Court in *Melkonyan* held that the final judgment is not entered for EAJA purposes until after the court has entered its judgment following the remand. Thus, "the filing period [for EAJA fees in a sentence six case] does not begin until after the postremand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs." *Melkonyan*, 501 U.S. at ——, 111 S.Ct. at 2165, 115 L.Ed.2d at 94.

### 3. *Application to Present Case.*

■ In order to assess the timeliness of plaintiff's application for fees, this Court must first determine whether its remand order was a final judgment under sentence four, or a nonfinal order under sentence six of § 405(g). In its remand order, this Court held that there was insufficient evidence for the Secretary to have reached the conclusions he reached. Therefore, the Court remanded the action to the Secretary to obtain additional evidence. This Court's prior order was thus a substantive ruling which reversed the Secretary's decision and

remanded the case to the Secretary. Therefore, the Court finds that its remand order was a final judgment under sentence four of § 405(g).

■ After the Secretary's favorable decision on remand, plaintiff had sixty days to petition the Court to enter judgment in his favor. *Eschelbacher*, 746 F.Supp. at 695. Plaintiff has requested that the Court enter judgment in his favor, so the Court will construe plaintiff's application for fees as a timely[3] petition for judgment, and hereby grants plaintiff's petition and affirms the Secretary's decision. The Court will enter judgment in favor of plaintiff.

Plaintiff's application for fees was filed at the same time as plaintiff's petition for judgment, and was therefore timely. Accordingly, the Court will now consider the merits of plaintiff's application for fees.

### MERITS OF PLAINTIFF'S FEE APPLICATION

Plaintiff seeks to recover fees and expenses under the EAJA which were incurred in the proceedings before this Court and in the proceedings before the Secretary on remand. The EAJA, 28 U.S.C. § 2412(d)(1)(A), provides, in pertinent part:

[A] court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

■ In order to recover fees and expenses under the EAJA, (1) the plaintiff must be a "prevailing party," (2) the position of the United States must not have been "substantially justified," (3) no special circumstances must make an award of fees unjust, and (4) plaintiff must submit a timely fee application. *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158, 110 S.Ct. 2316,

---

**3.** The application was filed less than thirty days after the Secretary's decision on remand, and therefore met the sixty day limit for filing an appeal under § 405(g).

2319, 110 L.Ed.2d 134, 142 (1990). The Court has already determined that plaintiff's fee application was timely. The remaining issues will be addressed below.

### 1. *Prevailing Party.*

 The prevailing party requirement is satisfied if the plaintiff's suit resulted in a partial recovery on a claim which was previously denied in full. *Hull v. Bowen*, 748 F.Supp. 514, 518 (N.D.Ohio 1990). The plaintiff here succeeded in recovering part of the disability insurance and supplemental security income benefits he applied for. He is therefore a prevailing party within the meaning of the EAJA.

### 2. *Substantial Justification.*

 The government will not be liable for EAJA fees if its position in the litigation is substantially justified. The Supreme Court has held that the "substantial justification" standard requires that the government's position in the litigation must be "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). In other words, the position maintained by the Secretary is substantially justified if it has a reasonable basis in law and fact. *Id.*; *Trident Marine Construction, Inc. v. District Engineer*, 766 F.2d 974, 980 (6th Cir. 1985). Agency action which is not supported by substantial evidence "is virtually certain not to have been substantially justified," although it is not automatically considered unjustified. *Hull*, 748 F.Supp. at 519–20.

Here, the Secretary's position that plaintiff was capable of performing his former duties as a security guard had no reasonable basis in fact, since there was no evidence in the record of plaintiff's duties as a security guard. Furthermore, the Secretary did not have a reasonable basis in law for applying the medical-vocational guidelines without determining whether plaintiff's non-exertional limitations were severe enough to restrict a full range of gainful employment. *Kirk v. Secretary*, 667 F.2d

524 (6th Cir.1981). The Court therefore finds that the Secretary's position on these issues was not substantially justified.

### 3. *Special Circumstances.*

The government has not argued that there are any special circumstances in this case which would make an award of fees unjust, and this court finds none.

### 4. *Conclusion.*

This Court has determined that plaintiff's application for fees is timely, that plaintiff is a prevailing party, that the government's position was not substantially justified, and that no special circumstances make an award of fees unjust. The Court therefore finds that plaintiff is entitled to an award of fees and expenses under the EAJA. All that remains is for the Court to determine the amount of the award to plaintiff.

### AMOUNT OF PLAINTIFF'S AWARD

Plaintiff requests expenses in the amount of $774.69, as well as attorney's fees, legal assistant's fees, and clerical assistant's fees in the amount of $29,077.60. The Secretary does not challenge the amount of plaintiff's expenses, but he does dispute plaintiff's claim for fees.

Plaintiff's counsel states that he worked a total of 191.4 hours on this case in the proceeding before this Court which caused the remand to the Secretary, in the administrative proceedings on remand, and in preparing the instant fee application and responses to the government's briefs in opposition to the application. Counsel's services in each of these proceedings is compensable. *Hudson*, 490 U.S. 877, 109 S.Ct. 2248; *Jean*, 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134. Plaintiff requests attorney's fees at the rate of $144 per hour. In addition, counsel's legal assistant worked a total of 9.2 hours, which plaintiff seeks to be compensated at the rate of $40 per hour; counsel's clerical assistant worked a total of 57.4 hours, which plaintiff seeks to be compensated at the rate of $20 per hour.

The Secretary challenges both the reasonableness of the number of hours spent by counsel and his assistants and the rate at which they seek to be compensated. The Court will address each of these issues below.

1. *Hourly Rate.*

■ 42 U.S.C. § 2412(d)(2)(A)(ii) provides that "attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor ... justifies a higher fee." In this case, plaintiff asserts that the cost of living has increased by 92% since the EAJA was enacted in 1980, so that plaintiff should be awarded fees of $144 per hour (1.92 times the $75 per hour provided in the Act).

This Court has discretion to decline to increase the hourly rate above the $75 called for in the EAJA. *Chipman v. Secretary,* 781 F.2d 545, 547 (6th Cir.1986). In deciding whether a cost-of-living adjustment is justified, this Court must bear in mind that "the $75 statutory rate is a ceiling and not a floor." *Id.* Furthermore, "Congress, in reenacting 28 U.S.C. § 2412(d) on August 5, 1985, did not raise the $75 maximum hourly rate despite the rise in the cost of living since its original enactment in 1980." *Id.*

Since the reenactment of the EAJA in August 1985, the consumer price index has risen from 112.9 to 156.7, a 38.8% increase. The Court finds that this increase justifies a higher fee in this case. Therefore, the Court will allow counsel's fees at the rate of $104 per hour, or 1.388 times the $75 hourly rate provided in the EAJA.

■ Plaintiff also requests fees for his counsel's legal assistant at the rate of $40 per hour, and for counsel's clerical assistant at the rate of $20 per hour. The Court finds that these rates are reasonable.

2. *Reasonableness of Hours.*

■ The Secretary argues that plaintiff has failed to prove that his attorney's fees were reasonable because counsel cumulated all tasks he performed each day into a single entry, so that it is impossible to assess the reasonableness of the time spent on each task. While it would be helpful to the Court for counsel to provide separate entries for the time spent on each task, it would be unduly burdensome to require counsel to do so. Plaintiff has not failed to demonstrate the reasonableness of his attorney's fees simply because the time spent on each separate task was not recorded separately.

■ The Secretary also argues that plaintiff's counsel spent an excessive amount of time on this case, and that his fees should be reduced accordingly. Although the Secretary complains that counsel spent an excessive amount of time in preparation for hearings and in drafting certain briefs, the Secretary agrees that "this was not a simple case." This Court will not second-guess counsel about the amount of time necessary to achieve a favorable result for his client.

■ The Court does agree with the Secretary that the time counsel spent on January 31 and February 4, 1991 assisting plaintiff in obtaining a loan was not related to the litigation and was therefore not compensable. Therefore, the Court will deduct .7 hours in computing counsel's compensable time.

## CONCLUSION

For the foregoing reasons, the Court will enter judgment for plaintiff based upon the favorable decision of the Secretary on remand. The Court finds that plaintiff is entitled to attorney's fees under the EAJA in the amount of $19,832.80, which represents 190.7 attorney hours at the rate of $104 per hour. Furthermore, plaintiff is entitled to recover legal assistant's fees in the amount of $368 (for 9.2 hours at the rate of $40 per hour), and clerical assistant's fees in the amount of $1,148 (for 57.4 hours at the rate of $20 per hour). Plaintiff is also entitled to expenses in the amount of $774.69.

## JUDGMENT ENTRY

This Court, having previously entered its Memorandum of Opinion and Order Af-

firming Secretary's Decision and Awarding Attorney's Fees, hereby enters judgment in favor of the plaintiff, Charles F. Kling, and against the defendant, Secretary of Department of Health and Human Services of the United States. The Court further awards plaintiff his expenses and fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), in the total amount of $22,123.49. Defendant to pay costs.