**Francisco L. PEREZ,
Plaintiff–Appellant,**

v.

**SECRETARY OF HEALTH & HUMAN
SERVICES, Defendant–Appellee.**

**No. 86–2156.**

United States Court of Appeals,
Sixth Circuit.

Argued May 16, 1988.

Decided Aug. 9, 1989.

---

John I. Tsiros, Saginaw, Mich., Mandel I. Allweil (argued), for plaintiff-appellant.

Michael Hluchaniuk, Asst. U.S. Atty., Bay City, Mich., Robert E. Hanson (argued), Dept. of Health & Human Services, Chicago, Ill., for defendant-appellee.

Before ENGEL, Chief Judge; NELSON, Circuit Judge; and PORTER, District Judge.[*]

ENGEL, Chief Judge.

John Tsiros, the attorney who represented Francisco Perez in his successful Social Security disability claim, appeals from an order of the United States District Court for the Eastern District of Michigan, awarding him $5070.00 in attorney's fees pursuant to 42 U.S.C. § 406(b)(1). After hearing oral argument on May 16, 1988, we stayed further consideration of Tsiros' appeal pending our court's decision in *Rodriquez v. Bowen,* 865 F.2d 739 (6th Cir.1989) (en banc). Because the district court's reduction of the requested fee award is inconsistent with the approach outlined in *Rodriquez,* we now vacate the district court's order and remand for reconsideration in light of that opinion.

After successfully prosecuting Perez's disability claim, Tsiros filed an application in the district court seeking $7,358.25 in attorney's fees. In his application, Tsiros stated that he had spent a total of 90.5

---

[*] The Honorable David S. Porter, United States District Court for the Southern District of Ohio, sitting by designation, participated in oral argument but, due to his untimely death on January 5, 1989, took no part in the opinion.

hours representing Perez. He also claimed that the Social Security Administration had informed him that it had withheld $7,358.25 of the benefits due Perez for use as payment of attorney's fees. Tsiros supported his application with an affidavit stating that he and Perez had entered into an oral contingent fee agreement calling for the payment of attorney's fees in the amount of twenty-five percent of past due benefits awarded. In addition, Tsiros attached to his application benefit award certificates for Perez and his claimed dependents, Margaret Perez, Hope Perez, David Perez and Francisca Perez.

Tsiros also supported his application with an itemized statement of the 90.5 hours he asserted he had spent on Perez's claim. The statement, entitled "Fee Petition," is divided into three sections, labeled "File 1," "File 2" and "File 3." The time claimed by Tsiros is divided as follows: "File 1" lists entries totaling 61.25 hours for legal work performed between July 22, 1982 and January 6, 1986; "File 2" lists entries totaling 22 hours expended between October 7, 1983 and September 12, 1985; and, "File 3" lists entries totaling 7.25 hours expended between August 31, 1984 and October 22, 1985. Nowhere in the application or "Fee Petition" does Tsiros explain the significance of the division of the "Fee Petition" into three "Files."

Acting pursuant to 28 U.S.C. § 636(b)(1)(A), the district court referred Tsiros' application to a United States Magistrate. Although the Secretary failed to file a response, the magistrate decided to grant Tsiros' application in part, awarding him attorney's fees in the amount of $5070.00. In his opinion, the magistrate first concluded that "only the time listed in [the section of the "Fee Petition" labeled] 'File 1' could properly be considered in support of counsel's Petition for Attorney Fees in the case." Because "File 2" appeared to involve time expended by Tsiros on behalf of Perez on a separate action filed in the district court, the magistrate decided that it was not relevant to Tsiros' representation of Perez in the instant case. The magistrate also determined that the time listed in "File 3" was not relevant to Tsiros' claim;

the magistrate noted that he was unable to find documents listed in "File 3" in the record, and speculated that perhaps they were related to the case referred to in "File 2."

Apparently speculating, in the alternative, that the time claimed in "File 2" and "File 3" might have involved Tsiros' representation of Perez's dependents, the magistrate also noted that he was unable to discern from the record whether the dependents were ever parties in the case before him. Consequently, he appears to have determined that "File 2" and "File 3" could not be considered relevant to Tsiros' fee application on the basis of his representation of the dependents.

The magistrate then reduced the number of hours claimed in "File 1" from 61.25 to 42.25. In reaching this decision, the magistrate rejected Tsiros' claim that he had spent twenty-six hours on the research and preparation of a Motion for Summary Judgment and supporting brief. He explained his decision as follows:

> First of all, although there are extensive and essentially accurate recitations of the administrative record, fully one-third of counsel's brief is nothing more than quotations from the record. Furthermore, while a number of appropriate cases are cited in the brief, those cases are ones relatively well known to practitioners in this field, and it appears that counsel did relatively little original research in the preparation of this brief.

Magistrate's Order at 4. Taking into consideration the contingent nature of the representation, the magistrate next determined that an hourly rate of compensation of $120.00 was reasonable. Finally, multiplying that rate times 42.25 hours, he concluded that an award in the amount of $5070.00 was reasonable. The magistrate did not address the contingent fee agreement alleged by Tsiros.

Tsiros timely filed objections to the magistrate's order, addressing first what he termed the magistrate's "confusion" regarding the three "Files" included in the

"Fee Petition." He explained the "Files" as follows:

It is my [law firm's] philosophy ... that if a case is lost through the Appeals Council level, we immediately do two things: (1) we appeal to the U.S. District Court; and (2) we simultaneously file a new application for benefits.

The strategy of this philosophy is to maximize a claimant's opportunity to have his claim heard. In Mr. Perez's case, this was explained to him and he fully understood that we were to bill for these services. With specific reference to Mr. Perez, we ultimately filed three separate applications for benefits, the first of which proceeded to U.S. District Court and resulted in a decision in [Mr. Perez's] favor.... Meanwhile, the second case had proceeded through U.S. District Court as well, and was voluntarily withdrawn in light of our ultimate success in the first file. Likewise, the third application had proceeded through the reconsideration stage and was allowed to lapse in light of our victory in the first case which covered claims two and three.

Tsiros also objected to the magistrate's decision to reduce from twenty-six to seven hours the time he claimed that he had expended researching and preparing a brief in support of Perez's Motion for Summary Judgment. Tsiros asserted that it is "physically impossible" to write a twenty-six page brief in seven hours. In addition to raising these objections, Tsiros also amended his application downward to 89.25 hours, stating that he had improperly included 1.25 hours in "File 3" of his "Fee Petition."

The district court affirmed the magistrate's award over Tsiros' objections, stating in its brief order that, upon review of the file and objections, it had concluded that the Magistrate's order was "neither clearly erroneous nor contrary to law." Tsiros timely filed this appeal.

Repeating the objections he raised before the district court, Tsiros argues that it was reversible error to reduce the total hours he expended in successfully litigating Perez's claim. He contends that the magis-

trate erred in finding that only the time listed in "File 1" and expended on the initial application for benefits was relevant to his petition. In addition, he claims it was error to reduce from twenty-six to seven hours the time he spent on the brief in support of Perez's Motion for Summary Judgment.

In *Rodriquez, supra,* Judge Peck, writing for a majority of our en banc court, attempted "to bring a semblance of order to [the] chaotic battleground of inconsistency" which he found to exist after his careful review of the approaches taken by courts in determining appropriate fee awards under section 406(b)(1). 865 F.2d at 743–46. As an example of that inconsistency, Judge Peck recognized that while some courts have seen fit to utilize the seven criteria set out for use at the administrative level by the Social Security Administration in 20 C.F.R. § 404.1725(b)(1), they have given different weight or treatment to each criterion. 865 F.2d at 745. He further pointed out that other courts have adopted a more extensive list of factors for consideration. *Id.* (citing *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974), which lists twelve factors for consideration).

In an attempt to remedy the confusion engendered by this situation, Judge Peck set out a framework to guide district courts in determining appropriate fee awards to attorneys in Social Security cases, particularly where the attorney for the Social Security claimant had entered into a contingent fee agreement calling for a fee equal to the twenty-five percent cap provided by the statute. *Rodriquez,* 865 F.2d at 746–47. As part of that framework, it was made clear that particular weight should be given to the existence of a twenty-five percent contingent fee contract between the claimant and his attorney. *Id.*

▆▆ In the case now before us, however, the district court, through the magistrate's order, failed even to recognize the existence of the alleged contract between Tsiros and Perez. It is evident, therefore, that we must remand for further considera-

tion in light of *Rodriquez*. In remanding, we emphasize that while the inquiry set out in *Rodriquez* is to begin "by using 25 percent of the past due benefits as a benchmark," an award equaling that amount "is not to be viewed as *per se* reasonable." 865 F.2d at 746. Moreover, while a fee agreement is to be accorded the weight of a "rebuttable presumption," a court may choose not to give effect to the terms of the agreement so long as it "state[s] for the record the deductions being made and the reasons therefore." *Id.* To that end, we recognize that it is at least arguable that the specific determinations made in the district court in connection with the fees sought by claimant's attorney here amount to the kind of explication which *Rodriquez* contemplates. We decline to rely on such an argument, however, because we cannot be certain that the district court has recognized the weight which *Rodriquez* would accord to the existence of the contingent fee contract itself.

Because we take this action with some reluctance, we make two additional observations to guide the district court on remand. First, on the record before us, we are unable to confirm whether the amount claimed by Tsiros or the amount withheld by the Social Security Administration, in fact, equals twenty-five percent of past due benefits as calculated in accordance with prior decisions of this court. *See, e.g., Dearing v. Secretary of Health and Human Services,* 815 F.2d 1082 (6th Cir.1987); *Webb v. Richardson,* 472 F.2d 529 (6th Cir.1972). The Secretary represents that the Social Security Administration, in abiding by the district court's award of disability benefits, issued Perez a $16,910.75 check for accrued disability benefits, withholding $7,448.25 for use as payment of attorney's fees. Tsiros claims that $7,358.25 was withheld, and that he is entitled to the entire amount. Neither of the amounts claimed to have been withheld appears to equal twenty-five percent of Perez's past due benefits. Some or all of the discrepancy may be the result of the fact that separate awards were also made to Perez's dependents by virtue of his disability and, where appropriate, fee awards may also be based on such benefits. *See Hopkins v. Cohen,* 390 U.S. 530, 88 S.Ct. 1146, 20 L.Ed.2d 87 (1968). While the record appears to be incomplete at this time regarding these matters, we are confident they may be clearly and definitively resolved upon remand.

Our second observation concerns what we perceive to be a unique practice by claimant's attorney which, in our view, was not contemplated by *Rodriquez*. Specifically raised here is the question of whether an award by the district court of "reasonable" attorney's fees, as defined by section 406(b)(1) and by *Rodriquez* and other relevant decisions, should extend to the recovery of fees for efforts made by claimant's attorney in filing not only the instant successful claim but two subsequent claims in the manner described earlier in this opinion. Since the hours Tsiros spent on the two subsequent claims were set out in "File 2" and "File 3" of Tsiros' petition, respectively, the magistrate declined to consider them for the reasons set out above. Yet, the magistrate did so without the benefit of Tsiros' subsequently filed explanation of what those "Files" represented, and understandably, therefore, did not reach the issue we now address. Without expressing any position regarding the reasoning of the magistrate, we conclude that, at least under the circumstances present here, the magistrate did not err in refusing to include among the reasonable attorney's fees the amounts, the hours expended for "File 2" and "File 3".

Tsiros asserts that his practice of automatically filing a successive application immediately following the denial by the Appeals Council of a claimant's initial application maximizes a claimant's chance of ultimately being awarded Social Security disability insurance benefits. It is apparent from Tsiros' assertion, however, that the time spent on the two subsequently filed claims was not in any sense beneficial to the claimant in this case, since he prevailed in all events upon the first claim made, for which the time spent is entirely set out in "File 1." Nevertheless, Tsiros insists that the time he spent in pursuit of the second

and third claims, though not directly responsible for his success, was a prudent exercise of discretion in the representation of his client and presumably therefore ought to be considered in determining a reasonable fee for his services.

On the other hand, the Secretary views Tsiros' practice as nothing more than "churning," a convenient way to generate billable hours for work that is essentially administrative or repetitious. While it is conceivable that in a particular case one or the other characterization of the practice might be appropriate, we believe the practice, more generally, poses rather serious questions of legal policy for the courts, not the least of which is the danger of multiplying significantly the number of claims which would have to be considered by the Secretary and potentially reviewed by the courts.

It may be possible to conceive of a circumstance in which such a practice might, under the particular facts of the case, be justified, but it is apparent here that no such specialized circumstances exist. The activity was not related to the peculiar facts of this case, to Perez's particular claimed disabilities, or to any procedural irregularities, which might have made it prudent for an attorney to have immediately filed additional claims.

It is only an abundance of caution which induces us not to conclude unequivocally that the time expended on these successive claims is never permissibly to be included as a part of the calculation of the reasonable attorney's fees due in consequence of success on the initial claim. In the first place, as already noted, recovery having been effected under the initial claim here, no benefit to the wage earner was conferred by the effort expended on the second and third claims. Further, had the wage earner not prevailed on the first claim, the right to an award of attorney's fees in connection with either of the other two claims would certainly have depended upon whether there was a recovery thereunder. Presumably, in such a case, had Perez actually prevailed and the award been obtained in consequence of the second

application, then in entirely separate proceedings from these, Tsiros would have been entitled to claim all of the reasonable expenses in connection with that application. In other words, by filing three independent actions, the claimant's attorney has at least arguably sought three different adjudications, each one of which should be considered apart from the other.

We do not believe that this observation conflicts with *Hopkins v. Cohen, supra,* which allows the calculation of attorney's fees based upon the gains which the attorney obtained, not only for the claimant-employee himself, but for other dependent members of his family by reason of his disability. Likewise, we do not find any real guidance in the recent decision of the Supreme Court in *Sullivan v. Hudson,* ―― U.S. ――, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989). That case, of course, involved an application of the "fee shifting" provision of the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), which differs from the fee award provision of section 406(b)(1) involved here. *See Rodriquez,* 865 F.2d at 743–44. Yet, we admit a certain parallelism in allowing a recovery of attorney's fees under EAJA for time expended by counsel in the administrative agency further pursuing the administrative remedy upon a remand to the agency by the district court following a judicial review by that court under 42 U.S.C. § 405(g). There, of course, the further legal action of the attorney was made necessary by his incomplete victory before the district court, and a denial of fees for making that victory complete would, as Justice O'Connor observed, "ascribe to Congress an intent to throw the Social Security claimant a lifeline that it knew was a foot short...." ―― U.S. at ――, 109 S.Ct. at 2256. In short, in each of the cited cases, the attorney's efforts helped to produce the recovery. Here, they did not. Thus in holding that the magistrate did not err in refusing to consider the hours set out in "File 2" and "File 3" of the fee petition, we so rule because there is no showing and no claim that the action taken contributed in any meaningful way to the result obtained.

■ Accordingly, the judgment of the district court is VACATED and the cause REMANDED to the district court for further proceedings consistent with this opinion.**

** Since we are vacating the judgment of the district court below, we observe, without deciding, a possible further issue not briefed by the parties. The order of reference to the magistrate by the district court purported to be in accordance with 28 U.S.C. § 636(b)(1)(A) and as a consequence thereof, the magistrate issued an "order" which the court "affirmed" upon a determination that it was neither contrary to law nor clearly erroneous. This procedure was followed instead of the perhaps more customary referral to a magistrate for proposed findings and recommendations subject, should a party object, to *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(B). While the parties most certainly could have consented to limited review by the district court, it is not clear that the referral made in this case was proper. We call attention particularly to our court's decision in *Flournoy v. Marshall*, 842 F.2d 875 (6th Cir. 1988). In that connection, we note that 42 U.S.C. § 406(b) empowers the district court, not a magistrate, to make the fee determination. While the Federal Magistrates Act is intended to ease the burden on district courts, it is not intended to permit the court to abdicate its obligations. *See Flournoy*, 842 F.2d at 878–79. *See also Gomez v. United States*, —— U.S. ——, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989) (presiding over selection of a jury in a felony trial without defendant's consent is not an "additional dut[y]" for purposes of 28 U.S.C. § 636(b)(3)); *United States v. Raddatz*, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).