**Grace M. HULL, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**No. C87–1086.**

United States District Court, N.D. Ohio, E.D.

Oct. 5, 1990.

---

Edward A. Icove, Lustig, Icove & Lustig, Cleveland, Ohio, for plaintiff.

William K. Redmond, Sp. U.S. Atty., Cleveland, Ohio, for defendant.

## MEMORANDUM OF OPINION RE: AWARD OF ATTORNEY FEES

KRENZLER, District Judge.

Presently pending before this Court is an application for attorney fees filed by plain-

tiff's counsel ("counsel"). Counsel seeks attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and the Social Security Act ("Act"). 42 U.S.C. § 406(b)(1), (2).[1]

Plaintiff previously applied for disability insurance benefits ("DIB") under the Act pursuant to 42 U.S.C. §§ 416(i), 423. Plaintiff alleged an onset date of October 31, 1985. The Secretary of Health and Human Services ("Secretary")[2] denied plaintiff's application for DIB because it was determined that plaintiff did not suffer from a severe impairment. Having exhausted her administrative remedies, plaintiff sought judicial review of the Secretary's decision, pursuant to 42 U.S.C. § 405(g).[3] This Court reversed in part and affirmed in part the Secretary's decision, holding that the Secretary's decision was supported by substantial evidence through June 8, 1986, but was unsupported by substantial evidence beginning on June 9, 1986.[4]

This Court notes that much confusion and inconsistency exists among the various district courts when attorneys seek concurrent attorney fee awards under both the EAJA and the Act. Therefore, this Court shall examine both statutes in detail, and discuss the interaction between them when concurrent fee applications are made, while at the same time, keeping in mind Congress' intent as to the effect each statute should have when concurrent fee applications are made.

## I. Attorney's Fees Under the Equal Access to Justice Act

The EAJA provides in pertinent part, as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).[5]

> A party seeking an award of fees and other expenses shall, within thirty days of final judgement in the action, submit to the court an application for fees and other expenses which shows that a party is a prevailing party and is eligible to receive an award under this subsection.... The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action

---

**1.** Although plaintiff's motion for attorney fees moves this Court for a statutory allowance of fees pursuant to 42 U.S.C. § 405(g), any inherent power this Court had to award attorney fees under that statute was superseded by the Congressional enactment of 42 U.S.C. § 406(b). *See Webb v. Richardson,* 472 F.2d 529, 533–34 (6th Cir.1972). This Court assumes, therefore, that counsel's motion for attorney fees was intended to be brought under 42 U.S.C. § 406(b), and this Court shall treat it as such.

**2.** Louis W. Sullivan is the current Secretary.

**3.** 42 U.S.C. § 405(g) provides in pertinent part that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...."

**4.** "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as reasonable minds might accept as adequate to support a conclusion." *Kirk v. Secretary of Health & Human Services,* 667 F.2d 524, 535 (6th Cir.1981) (*quoting Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (*quoting Consolidated Edison v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938))).

**5.** "[A]ttorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).

or failure to act by the agency upon which the civil action is based)....

28 U.S.C. § 2412(d)(1)(B).

■ The conditional language of the EAJA in the first sentence to 28 U.S.C. § 2412(d)(1)(A) does not conflict with a district court's authority to award attorney's fees under both the EAJA and 42 U.S.C. § 406(b).

> The legislative history makes clear that the conditional language of the EAJA is meant only to prevent it from applying where other federal statutes already authorize fee awards against the *federal government.*

*Ocasio v. Schweiker,* 540 F.Supp. 1320, 1322 (S.D.N.Y.1982) (emphasis original).

> [T]his section [28 U.S.C. § 2412(d)(1)(A) ] is not intended to replace or supersede any existing feeshifting statutes such as the Freedom of Information Act, the Civil Rights Acts, and the Voting Rights Act in which Congress has indicated a specific intent to encourage vigorous enforcement, or to alter standards or the case law governing those Acts. It is intended to apply only to cases (other than tort cases) where fee awards *against the government* are not already authorized.

*Ocasio* at 1322 (quoting H.R.Rep. No. 1418, 96th Cong., 2d Sess. 18, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4953, 4997) (emphasis supplied in *Ocasio*).

The original purpose of the EAJA, as enacted in 1980,

> was to expand the liability of the United States for attorneys' fees and other expenses in certain administrative proceedings and other civil actions. The primary purpose of the Act was to ensure that certain individuals, partnerships, corporations, businesses, and other associations, or other organizations will [sic] not be deterred from seeking review of, or defending against, unjustified governmental action because of the expense involved in securing the vindication of their rights.

H.R.Rep. No. 120, 99th Cong., 1st Sess. 4, *reprinted in* 1985 U.S.Code Cong. & Ad. News 132, 133.

Although the primary purpose of the EAJA as originally enacted does not appear to be directed to Social Security cases, the legislative history to the EAJA clearly indicates "Congress' intent that, while the EAJA does not apply to administrative proceedings under the Social Security Act, it does cover civil actions to review social security decisions of the Agency. For example, the House Report accompanying the EAJA states that changes were made:"

> [t]o exclude administrative proceedings under the Social Security Act. There was much discussion whether the United States should be liable when it is named party and represented in a civil action under the Social Security Act. The Committee decided that civil actions should be covered.

*Ocasio* at 1321 (quoting H.R.Rep. No. 1418 at 4991) *See also Kerr v. Heckler,* 575 F.Supp. 455 (S.D.Ohio 1983) (holding that EAJA applies to court proceedings for review of social security cases).

■ As noted above, in order to recover attorney fees under the EAJA one must be the "prevailing party" to the action and the position of the United States must not have been "substantially justified." As to the "prevailing" requirement, it is satisfied notwithstanding the fact that the claimant's suit "resulted in partial recovery on a claim previously denied in full," *Philpott v. Gardner,* 403 F.2d 774–75 (6th Cir.1968); *See also McCoach v. Bowen,* 672 F.Supp. 807, 809 (D.N.J.1987) (relying on *Philpott* for the principle that the EAJA requires less than a total victory to satisfy the "prevailing" requirement); *Sterner v. Department of Army,* 711 F.2d 1563, 1567 (Fed. Cir.1983) (similarly relying on *Philpott*), but a court remand does not automatically render the applicant a "prevailing party" (unless benefits are awarded), rather the Secretary must, after reviewing a case as directed by the district court, file its findings with the reviewing court as mandated by 42 U.S.C. § 405(g). "Thus the remand decision is not a 'final judgment,'[6] nor is

---

**6.** There may be situations, however, where a fee award under the EAJA is warranted, even in the

the agency decision after remand. Instead, the District Court should enter an order affirming, modifying, or reversing the final HHS decision, and this will usually be the final judgment that starts the 30 days running." H.R.Rep. No. 120 at 148 (citations omitted).

■ With regard to the "substantial justification" element, the Sixth Circuit has held that the standard "is essentially one of reasonableness," and the pertinent inquiry is whether the position maintained by the

absence of a final judgment. *See e.g. MacDonald v. Schweiker,* 553 F.Supp. 536 (E.D.N.Y. 1982). In *MacDonald,* the court granted attorney fees under the EAJA to an applicant who obtained an interim court remand order directing Appeals Council review on grounds which were helpful not only to the applicant's case, but also to others similarly situated, even though the applicant neither obtained the relief sought, additional back benefits, nor litigated the case to a final judgment. *MacDonald* at 539–40.

In *MacDonald,* the plaintiff, a *pro se* litigant, was denied relief initially and requested and received a hearing before an ALJ. Thereafter, on May 22, 1980, plaintiff received a notice of decision from the Social Security Administration informing her of the ALJ's decision granting her DIB retroactive to March 23, 1979, but not before that date. Included therein were directions informing her that she had the right to request Appeals Council review of the ALJ's decision within 60 days, and she could so request review in person at the social security or hearing office, or by writing or telephoning those offices and indicating her intent to request review. Plaintiff called the ALJ's secretary within the 60 day period and was informed that appeal was unnecessary because the ALJ would reopen the case and consider additional evidence, and thereafter, plaintiff retained counsel to represent her at the additional hearing.

Although an additional hearing was conducted, in which plaintiff and her doctor appeared and testified, the ALJ denied the plaintiff's request to reopen his decision on November 25, 1980. Thereafter, plaintiff's attorney requested Appeals Council review on January 9, 1981; however the request was denied because the request for review of the ALJ's decision rendered on May 22, 1980, was not reviewable as it was not made within 60 days.

In rejecting the government's argument that the attorney's fee petition under the EAJA should be denied because there had not yet been a final judgment on the merits, the court stated that the controling factor "was whether there had been a final order from which [plaintiff] could seek review either before the Appeals Council or in ... [the district] court." The court placed particular importance on the fact

Secretary "had a reasonable basis in law and fact." *Kerr,* at 457. A finding that the Secretary's position was unsupported by substantial evidence does not automatically require the district court to rule that the Secretary's position was not substantially justified, *Meyers v. Heckler,* 625 F.Supp. 228, 232 (S.D.Ohio 1985) (citing *Kerr* at 458). However, the Third Circuit has stated:

agency action found to be ... unsupported by substantial evidence is virtually certain to not to have been substantial-

that as a result of plaintiff's request for judicial review pursuant to 42 U.S.C. § 405(g), and the subsequent remand order, the Secretary revised the notice sent to unsuccessful claimants to eliminate the statement indicating that claimants may request review by phone. The court noted that the legislative history of the EAJA indicated that an award of fees could be made even in the absence of a final judgment. *MacDonald* at 539. Relying on the House Report, the court further noted that "[a] fee award may ... be appropriate where the party has prevailed on an interim order which was central to the case ... or where an interlocutory appeal is 'sufficiently significant and discrete to be treated as a separate unit.'" *MacDonald* at 539 (quoting H.R.Rep. No. 1418 at 4984, 4990) (citations omitted). The court further noted that the term prevailing party was not restricted to "a victor ... after entry on a final judgment following a full trial on the merits," *MacDonald* at 539 (quoting H.R.Rep. No. 1418 at 4990), but rather, was to be interpreted "[consistently] with the law that [had] developed under existing statutes." *Id.*

Thus, a prevailing party may be one who has obtained a favorable settlement, *Foster v. Boorstin,* 561 F.2d 340 (D.C.Cir.1977) or one who has prevailed on an interim order central to the case, *Parker v. Matthews,* 411 F.Supp. 1059 (D.D.C.1976). A person has been held to be a prevailing party where, although unsuccessful on his own claim, has acted as a "catalyst" in ending discrimination against others similarly situated. *Parham v. Southwestern Bell Telephone Co.,* 433 F.2d 421 (8th Cir. 1970).

*MacDonald* at 539. Because the plaintiff's request for judicial review resulted in a revision of the Secretary's elimination from the notice of decision directing unsuccessful claimants that they could request review by phone, and that revision would end confusion to other social security claimants similarly situated, the court concluded that plaintiff's lawsuit acted as a catalyst, and, therefore, she was entitled to fees under the EAJA, even though she neither obtained the relief sought nor litigated to a final judgment. *MacDonald* at 540.

ly justified under the Act. Only the most extraordinary circumstances could permit such an action to be found substantially justified under the Act.

*Coup v. Heckler,* 834 F.2d 313, 319 (3rd Cir.1987) (citations omitted).[7]

## II. Attorney Fees Under the Social Security Act

The relevant section under the Act is 42 U.S.C. §§ 406(a), (b). Concerned that some attorneys were charging exorbitant fees, and that unnecessary delay would result in a windfall to attorneys with contingency fee agreements due to the accrual of back benefits,[8] Congress enacted a new subsection in the Social Security Amendments of 1965:

> (b)(1) Whenever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits* to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provision of section 205(i) [42 U.S.C. § 405(i)], certify the amount of such fee for payment to such attorney, out of, and not in addition to, the amount of such past due benefits. In case of any such judgment, no other fee may be payable or certified for pay-

ment for such representation except as provided in this paragraph.

> (2) Any attorney who charges, demands, receives, or collects for services rendered in connection with proceedings before a court to which paragraph (1) is applicable any amount in excess of that allowed by the court thereunder shall be guilty of a misdemeanor and upon conviction thereof shall be subject to a fine of not more than $500, or imprisonment for not more than one year, or both.

*Coup v. Heckler,* 834 F.2d 313, 320–21 (3rd Cir.1987) (quoting Social Security Amendments of 1965, Pub.L. 89–97, Title III § 332; 79 Stat. 286, 403; 42 U.S.C. § 406(b) (1982)).

In 1967, Congress amended section 206(a) of the Act to empower the Secretary to award attorney fees to attorneys who represented a claimant before the agency:

> Whenever the Secretary, in any claim before him for benefits under this title, makes a determination favorable to the claimant, he shall, if the claimant was represented by an attorney in connection with such claim, fix, (in accordance with the regulations prescribed pursuant to the preceding sentence) a reasonable fee to compensate such attorney for the services performed by him in connection with such claim. If as a result of such determination, such claimant is entitled to past due benefits under this title, the Secretary shall, notwithstanding section 205(i) [42 U.S.C. § 405(i)], certify for

---

7. The Legislative history indicates that the standard "is intended to caution agencies to carefully evaluate their case and not to pursue those which are weak or tenuous." H.R.Rep. No. 1418, 96th Cong., 2d Sess. 14, reprinted in 1980 U.S.Code Cong. & Ad.News 4953, 4993.

> The standard, however, should not be read to raise a presumption that the government's position was not substantially justified, simply because it lost the case. Nor, in fact, does the standard require the government to establish that its decision was based on a substantial probability of prevailing.

H.R.Rep. No. 96–1418, at 4990.

8. A court should not look kindly at an attorney's pattern of consistently pushing this time limitation to the last day possible before filing a request or response. Nor should a court reward incompetence by allowing an award

which has become inflated through any procedural missteps. If a lawyer has taken an improper rout or turn, he should not benefit from time spent finding his way.

*Rodriquez v. Bowen,* 865 F.2d 739 (6th Cir.1989).

> [C]ourts should be especially hesitant to award the statutory maximum in cases in which delays of any consequence have occurred. *A fortiori,* courts should not award the statutory maximum when final decisions has been deferred out of all proportion to delay reasonably incident to the normal course of litigation. Otherwise, ... the intent of Congress to eliminate fees as high as 50% would be frustrated because the fee award would amount to much more than 25% of the past due benefits that would have accrued if the claim had been expeditiously upheld.

*Webb v. Richardson,* 472 F.2d 529, 537–38 (6th Cir.1973) (citations omitted).

payment (out of such past due benefits) to such attorney an amount equal to whichever of the following is smaller: (A) 25 per centum of the total amount of such past due benefits, (B) the amount of the attorney's fee so fixed, or (C) the amount agreed upon between the claimant and such attorney as the fee for such attorney's services.

*Coup* at 321 (quoting Social Security Amendments of 1967, Pub.L. 90–248, Title I, § 173; 81 Stat. 821, 877; 42 U.S.C. § 406(a) (1982)).

■ The last sentence of 42 U.S.C. § 406(b) has created much confusion in recent years as to the effect the 25% cap of attorney's fees awarded under the Act has upon the EAJA. Unlike an award made under the Act, an award made under the EAJA is not limited to 25% of the past-due benefits.

[T]he attorney's fee [under the Act] comes out of funds that would have otherwise gone to the client. The purpose of ... [42 U.S.C. § 406(b)] was only to limit contingency fees, which had become inordinately large, to 25% of the award, and also to ensure that lawyers were paid their fees by providing for certification of the fees by the Secretary; awards had sometimes been made to claimants without their attorney's knowledge and claimants had on occasion failed to notify their attorneys and pay their fees. The last sentence of the section, prohibiting the payment of other fees, was not addressed to attorneys' fees awarded against the United States, but rather was necessary to enforce the 25% limitation on the fees which lawyers could charge their clients. Without this last sentence, lawyers would have been able to make an end run around the 25% limitation by charging their clients directly for certain services in addition to the 25% contingency fee permitted under the statute out of accrued benefits. Since the EAJA provides for fees against the United States, it does not conflict with the purpose of section 206 of the Social Security Act to regulate fee arrangements between claimants and their attorneys. *The exclusive language of section 206 applies to fees allowed by the Court against the judgment in favor of the client, not to fees to be assessed against the United States pursuant to the EAJA.*

*Ocasio* at 1322 (emphasis added) (footnotes omitted). *See also Coup* at 324.

The interaction of the attorney fee provisions between the Act and the EAJA was directly addressed in the House Report to 1985 EAJA Amendments:

Section 3 amends section 206 of the Social Security Act to provide that the existence of an attorney fee provision in the Social Security Act shall not prevent the award of fees under the EAJA. In addition, section 206(b), of the Social Security Act is amended to provide that eligibility for fees under that Act section 206(b)(2) [42 U.S.C. § 406(b)] shall not apply but only if—where the claimants attorney receives fees under both the Social Security Act and the EAJA—the attorney refunds to the claimant the amount of the smaller fee.

It is the Committee's intent that when fee awards are made in Social Security or SSI cases under the EAJA, and provision is also allowed under the Social Security Act for recovery of attorney fees of up to 25% of the claimant's [back] benefits, *that the EAJA award should be used as a set off to reduce the payment which the claimant would otherwise owe the attorney.* Thus, under the amendment an attorney for a Social Security or SSI claimant would be precluded from receiving both EAJA and Social Security Act fees. Without this amendment it was argued, "double dipping" was possible. Such double payments are inappropriate and deprives the plaintiff of the benefits intended by EAJA. Because the Committee is aware of the important function served by counsel in these cases, the Committee permits the attorney to seek recovery under both authorizations. The attorney, however, may keep the larger fee, but must return the *amount* of the smaller fee to the claimant.

H.R.Rep. No. 120 at 149. *See also Meyers* at 231–32 n. 4 (noting that the ramifications of 42 U.S.C. § 406(b)(2) are avoided if the

attorney returns the smaller fee to the claimant).

 In construing 42 U.S.C. §§ 406(a), (b), the Sixth Circuit has held that the tribunal that awards benefits is empowered to approve and certify a fee award, not in excess of 25% of the total past due benefits, for representation at both the administrative and the trial level. *Webb* at 537. Thus, the Secretary has authority to award a fee if benefits are awarded at the administrative level initially or upon court remand, but when the court orders the award of benefits, the court is the tribunal that awards the fee.[9]

In calculating an attorney fee award to the pursuant to 42 U.S.C. § 406(b)(1), the court must make an "independent determination that the amount requested [is] in fact reasonable." *Dearing v. Secretary of Health and Human Services*, 815 F.2d 1082, 1083 (6th Cir.1987). In *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir.1989) (*en banc*), the Sixth Circuit Court of Appeals set out a standard to guide the district courts in making a determination as to whether an attorney fee is in fact reasonable.

First, the statutory 25% of the past due benefits is to be used as a benchmark. *Id.* The award of the full statutory amount is not automatic and that it is not to be used as a *per se* rule. *Id.* Next, the court should determine if the attorney and his client entered into a contingency fee agreement. *Id.* "When two parties enter into such an arms length agreement, due deference should be given to this expression of the intentions of the parties." *Id.* The contingency fee arrangement, however, is not binding on the court, rather it should merely be given the weight of a rebuttable presumption. *Id.* Third, close attention should be given to the agreement between

the attorney and his client. Finally, "[i]n the event the court chooses not to give effect to the terms of the agreement, it should state for the record the deductions being made and the reasons therefore." *Id.*

Deductions should generally fall into two categories: 1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended. *Id.*

Keeping the above principles in mind, this Court recognizes that attorneys may apply for fees under either the EAJA, or the Act, or under both statutes. Accordingly, this Court shall address the various scenarios which arise in the social security attorney fee arena. This Court does so in an "attempt ... to bring a semblance of order to this chaotic battleground of inconsistency, one in which all parties are clamoring for an even, predictable approach in attorney fee authorization." *Rodriquez* at 746. As Judge Peck accurately pointed out in *Rodriquez*, "[t]he courts as well as the Social Security Administration are sometimes spending almost as much time reviewing and setting fees as they are in dealing with the merits of the benefits determination." *Id.*

## III. Scenarios

### A.

The first scenario is a case where the attorney receives no fee for the services provided to the claimant. The attorney will almost certainly not obtain a fee when the case lost on the merits before the Secretary, and then subsequently lost on appeal before the district court. There may be

---

**9.** *See* 20 C.F.R. §§ 404.1728, 404.1725 (these regulations permit the Secretary to set an attorney fee and set forth standards for setting such fee). Although the Court, under 42 U.S.C. § 406(b), has no authority to award a fee if Title II benefits are not awarded, 20 C.F.R. § 404.1725(b)(2) states: "We may authorize a fee even if no [back] benefits are payable."

On the other hand, only the Court, and not the Secretary has authority to award benefits under

the EAJA. Thus, if the Secretary awards benefits at the administrative level, and certifies and awards an attorney fee out of past due benefits, that award will be the attorney's only fee because court action was not required and, therefore, the purpose of the EAJA—reimbursing litigants for contesting unreasonable government action—is not invoked.

rare instances, however, where the a court may find that an attorney fee is warranted under the EAJA even when a case lost on the merits, or had not been litigated to a final judgment, and these scenarios were previously examined in footnote 6 above. Also, a claimant may lose on the merits before the Secretary, and instead of seeking judicial review, the attorney could request an attorney fee award from the Secretary pursuant to 20 C.F.R. § 404.1725(b)(2).

### B.

 The second scenario occurs when the claimant is awarded benefits by the Secretary at the administrative level without the claimant having to seek judicial review pursuant to 42 U.S.C. § 405(g). Under this scenario, only the Secretary may certify and award an attorney fee out of the past due benefits, and the Secretary's decision is unreviewable by the district court. *See McCarthy v. Secretary of Health & Human Services*, 793 F.2d 741 (6th Cir.1986). The Secretary's authority to award a fee under such circumstances is derived from 42 U.S.C. § 406(a) set forth above. The Secretary, however, may not authorize an award for attorney fees under the EAJA in this scenario, nor may the district court. The Secretary may not authorize an award under the EAJA because the plain language of the statute only authorizes courts to do so. The court may not authorize such an award because the purpose of the EAJA is to reimburse a litigant for costs and expenses for contesting unreasonable governmental action, but under this scenario, there is no unreasonable governmental action to contest in a court (assuming the amount of past-due benefits awarded, etc., is not in dispute), and, hence, an attorney could not recover a fee under the EAJA in this scenario.

### C.

 Under the third scenario, the Secretary denies a claimant's application for benefits on the merits, and thereafter, the claimant obtains a court remand order pursuant to 42 U.S.C. § 405(g). Upon remand, the Secretary may or may not award benefits. Thereafter, the attorney seeks attorney fees pursuant to 42 U.S.C. § 406(a), and the Secretary certifies and awards a fee not in excess of 25% of the total of past-due benefits. As noted above, only the Secretary can certify and award attorney fees under this scenario because it was the tribunal that awarded benefits. Under this scenario, the attorney may be allowed to recover a fee under the EAJA, assuming a timely petition is filed with the court seeking such fees and the necessary standard is met, for the time spent before the district court, *and for the additional time spent before the Secretary*, as this additional time at the administrative level was necessary by the less than total victory before the district court. *Perez v. Secretary of Health & Human Services*, 881 F.2d 330, 335 (6th Cir.1989). "[A] denial of fees for making that victory complete would, as Justice O'Connor observed, 'ascribe to Congress an intent to throw the Social Security claimant a lifeline that it knew was a foot short....'" *Perez* at 335 (quoting *Sullivan v. Henderson*, 490 U.S. 871, ——, 109 S.Ct. 2248, 2257, 104 L.Ed.2d 941, 954 (1989).[10]

---

10. Since the judicial provisions of the Social Security Act contemplate an ongoing civil action of which the remand proceedings are but a part, and § 2412(d)(1)(A) of the EAJA allows "any court having jurisdiction of that action" to award fees, we think the statute, read in light of its purpose "to diminish the deterrent effect of seeking review of, or defending against, governmental action," 94 Stat 2325, permits a court to award fees for services performed on remand before the Social Security Administration. Where a court finds that the Secretary's position on judicial review was not substantially justified within the meaning of the EAJA, *see Pierce v. Underwood*, 487 U.S. 552, ——, 101 L.Ed.2d 490, 108 S.Ct. 2541, —— (1988) [accord *Kerr* at 457], it is within the court's discretion to conclude that representation on remand was necessary to the effectuation of its mandate and to the ultimate vindication of the claimant's rights, and that an award for fees for work performed in the administrative proceedings is therefore proper.
*Sullivan v. Henderson*, 490 U.S. 871, ——, 109 S.Ct. 2248, 2257, 104 L.Ed.2d 941, 954 (1989) (citations omitted).

### D.

 Under the fourth scenario, the court awards the claimant benefits upon claimant's request for judicial review pursuant to 42 U.S.C. § 405(g), either upon the claimant's initial request for judicial review, or upon court order after remand when the Secretary files "additional findings with the court." Here, the attorney may seek, and the court may award, attorney's fees under the EAJA, or the Act, or both statutes. As noted above, if the court awards benefits after remand, it is within the court's discretion to award fees under the EAJA for the additional time spent before the Secretary.

### E.

 Under the final scenario, the claimant loses at the administrative level, and upon judicial review pursuant to 42 U.S.C. § 405(g), the court, either before or after an order of remand, concludes that the Secretary's ruling denying benefits was unsupported by substantial evidence and, accordingly, awards benefits, and any past-due benefits which may be warranted. Thereafter, the Secretary certifies an amount out of the past-due benefits for an attorney fee, not in excess of 25% of such past-due benefits, but the Secretary may not award a fee out of such past-due benefits until the district court so orders. Not wishing to reduce the claimant's past-due benefits, the attorney petitions the district court for an attorney fee only under the EAJA, but the district court concludes that the Secretary's position was substantially justified and, therefore, no attorney fee is warranted under the EAJA. This court concludes, under such circumstances, the attorney should thereafter be permitted to petition the court for a fee award under the Act; however, this Court encourages attorneys to make simultaneous fee petitions for the purposes of judicial economy. A rule to the contrary would penalize both the attorney and the claimant. The attorney would receive no fee, and to avoid this harsh result in the future, the attorney may only petition the court for a fee award under the Act. This practice would unduly prejudice future claimants and undermine the purpose of the EAJA.

## IV. Concurrent Attorney Fee Petitions Under the EAJA and the Act

 When an attorney makes concurrent fee petitions under the EAJA and the Act, as in the instant case, and if fees could be awarded under both statutes the attorney "*must* return the *amount* of the smaller fee to the claimant." H.R.Rep. No. 120 at 149 (emphasis added), in order to avoid the ramifications of 42 U.S.C. § 406(b)(2). *See Meyers* at 231–32 n. 4. This Court concludes that because "the EAJA award should be used as a *set off* to reduce the payment which the claimant would otherwise owe the attorney," and because "an attorney for a Social Security or SSI claimant would be *precluded* from receiving both EAJA and Social Security Act fees" for the same work, an attorney will *only* be awarded the *amount* of the larger fee, and not both fees. H.R.Rep. No. 120 at 149 (emphasis added). The foregoing reference that the attorney will only be awarded the amount of a larger fee and not both fees refers only to fees for court time and does not include administrative time. Accordingly, if the Court concludes that fees are warranted for court work under both the EAJA and the Act, and the amount of the EAJA fee is larger than the amount of the fee warranted under the Act, the attorney will only be awarded the EAJA fee for court work. This does not mean that the attorney will not get an additional fee under the Act for administrative work.[11]

## V. Allocation of Court Time and Administrative Time When EAJA is Applicable

 It is established that the Equal Access to Justice Act ("EAJA") only applies to court time and not to administrative time in regard to attorney fees. In a case where the EAJA applies, the EAJA award for court time supersedes the § 406

---

**11.** In order to determine which fee amount is the larger fee amount, an independent fee calculation should be made under the EAJA and the Act.

award for court time. This is because the attorney cannot be paid twice for the same work. However, the question then arises as to what happens to the time the attorney spent during the administrative period processing the case. There are those who hold that if a EAJA award is made, that is the only amount the attorney is entitled to if it exceeds the § 406 amount of 25 percent. However, the other side of the coin is that since the EAJA only applies to court time and it supersedes the § 406 fee, the attorney still should be paid for the administrative time in addition to the court time under the EAJA.

This Court subscribes to the latter view. In other words, when the EAJA applies then the Court shall award that fee for the court time and that amount will be paid directly by the government.

This Court has devised a simple formula to determine the fee amount to which the attorney is entitled for administrative time spent. First, the maximum fee award possible under § 406 is found by calculating 25 percent of the claimant's total past-due benefit award. Then, the hours of court time and administrative time are totalled, and each portion translated into a percentage of the total hours spent. The percentage attributable to administrative time is then applied to the maximum fee award.

To illustrate: if all the past-due benefits are $1,000.00, then the maximum fee award under § 406 is 25 percent of this amount, or $250.00. Assume that the total time spent by the attorney is six hours, four of these for court time and two for administrative time. The percentage of administrative time is $2/6$ or 33.33 percent. Thirty-three and one-third percent of $250.00 is $83.32. Thus, the fee for the administrative time would be $83.32 and would be paid out of the benefits of the recipient and not by the government. The attorney would get paid for his court time under the EAJA and for his percentage of the administrative time under § 406. In this way, the attorney would be compensated for all of his time, both in court and administrative. The claimant would only have to pay for the administrative time and the govern-ment would be paying for the court time under the EAJA.

VI. Time for Filing Application for Fees Under the EAJA After a Successful Remand

Because an Order of Remand does not generally provide for an automatic return of the case to the Court for the purpose of affirming or adopting the decision of the Secretary, there is no formal mechanism for notifying the Court of the Secretary's decision and for entering judgment. It is appropriate and proper for a Court to enter a final judgment. Under 42 U.S.C. § 405(g), a claimant has 60 days within which to take an appeal of the Secretary's decision. Since this Court has some difficulty calling an administrative decision a judgment, it would prefer to establish some procedure which would trigger a court judgment after a favorable decision of the Secretary. Since § 405(g) provides 60 days for bringing an appeal of an unfavorable decision of the Secretary, by analogy, it could be read to provide the same amount of time in which to petition the court to enter judgment on a favorable decision of the Secretary on remand. Thus, upon receiving notice of the Secretary's decision to award or reinstate benefits, the plaintiff has 60 days within which to petition the district court to enter judgment in his favor. Once the district court has entered judgment for the plaintiff, the plaintiff has 30 days within which to file a motion for attorney fees under the EAJA. If the plaintiff fails to follow this two-step procedure within the foregoing time limits, he waives his right to the EAJA fees. The final decision of the Secretary in favor of the claimant on remand is not considered a final judgment for the purpose of the EAJA fees. A court must make a final judgment which starts the 30–day period. See this Court's thorough discussion of the time for filing an application for fees under the EAJA after a successful remand in *Eschelbacher v. Sec'y., H.H.S.*, 746 F.Supp. 691 (N.D.Ohio 1990).

VII. Application

In the instant case, this Court previously ruled that during the period from

October 1, 1985, through June 8, 1986, the Secretary's decision denying benefits was supported by substantial evidence. However, with regard to the period beginning on June 9, 1986, this Court concluded that the Secretary's decision denying benefits was unsupported by substantial evidence. As noted above, this Circuit has previously held that a fee award under the EAJA may be awarded for all compensable hours under the EAJA notwithstanding that the claimant only received a partial recovery on a claim previously denied in full. Therefore, counsel is entitled to a fee award for all compensable hours under the EAJA assuming that the Secretary's position was not substantially justified, which this Court holds it was not.

■ Plaintiff's treating physician concluded that she was totally disabled subsequent to June 9, 1986, and there is no evidence in the record subsequent to that date in support of the Secretary's position to the contrary.[12] The Secretary's evidence preceding that date consisted merely of two opinions of medical advisors. Because greater weight is legally required to be given to the opinion of a treating physician, particularly in comparison to the opinion of a medical advisor who had never treated or examined the plaintiff,[13] and because the

Secretary failed to give the legally mandated weight to the treating physician's position, this Court holds that the Secretary's position in contesting this case on the merits was not substantially justified. Accordingly, an attorney fee award under the EAJA is warranted.

■ Counsel worked a total of 22.6 hours on this case, and seeks to recover $100.00 per hour. However, as noted above, the EAJA does not compensate for hours performed before an administrative agency. Of the 22.6 hours performed, 18.6 hours were court time and 4.0 hours were services rendered at the administrative level.[14] This means that approximately 18 percent of his time was administrative and 82 percent was court time.

Counsel also moves this Court for a statutory award of fees pursuant to 42 U.S.C. § 406(b)(1) to "supplement" the EAJA award. As noted above, this Court may grant reasonable attorney fees under this section not in excess of 25 percent of the total amount of past-due benefits. Here, the total past-due benefits are $840.00, and 25 percent of that amount is $210.00. Eighteen percent of $210.00 is $37.80. This is the amount that will be awarded to the

12. The Secretary totally failed to address the opinion of plaintiff's treating physician on June 9, 1986, which stated that plaintiff's degenerative disease of the knees had, and would, become progressively worse, and there was no known medical cure. The Secretary did not address the progressive aspect of plaintiff's problem, nor the fact that there was no contrary medical opinion to the treating physician's conclusion that plaintiff suffered from a progressive disease. Because it was not reasonable to ignore this aspect of the treating physician's conclusion, the Secretary's position in contesting this action was not reasonable in law or fact.

13. "It is well settled that opinions of treating physicians should be given greater weight than those held by physicians whom the Secretary hired and who only examined the claimant once." *Farris v. Secretary of Health Human Services,* 773 F.2d 85, 90 (6th Cir.1985) (citing *Lashley v. Secretary of Health & Human Services,* 708 F.2d 1048, 1054 (6th Cir.1983) (citing *Stamper v. Harris,* 650 F.2d 108, 111 (6th Cir. 1981); *Allen v. Califano,* 613 F.2d 139, 145 (6th Cir.1980))).

14. To determine plaintiff's fees for the 18.6 compensable hours under the EAJA, the hourly rate shall be adjusted, as plaintiff requests and as the EAJA permits, to reflect the increase in the cost of living. Here, the cost of living adjustment should cover the period from August 1985, which was Congress' most recent amendment to the EAJA, through January 1, 1990, a date which should accurately reflect the present value of counsel's services.

The hourly rate shall be adjusted as follows: the total percentage increase in the CPI over the aforementioned period translated into a dollar amount which will be added to the $75.00 per hour figure, and this new figure will then be multiplied times 18.6, plaintiff's compensable hours under the EAJA. The CPI rose 55 points during the period in question. This is a 17 percent increase. Applied to the $75 figure, a 17 percent increase is equal to $12.75. Accordingly, the adjusted hourly figure is $87.75. Multiplied by counsel's compensable hours under the EAJA, the award shall be $1,632.15.

attorney for administrative time, and this will be in addition to the EAJA fee.

Having concluded that attorney fees are warranted under both statutes, an examination of the procedural background of this case places it within the fourth scenario set out above. Additionally, because attorney fees are warranted under both the EAJA and the Act, this court shall apply the principles enunciated in Part IV of this opinion.

In the instant case, the EAJA fee for court time is awarded in the amount of $1,632.15 and attorney fees shall be awarded under the Act in the amount of $37.80 for administrative time. The EAJA fee shall be paid by the government and the fee for administrative time shall be paid by the claimant.